IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LEWIS JAMES SEALS, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:14-cv-2058-JPM-cgc |
| | ) | |
| | ) | |
| ADONNA SEALS et al, | ) | |
| | ) | |
| Defendants. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915

On January 24, 2014, Plaintiff Lewis James Seals, Jr., a resident of Memphis, Tennessee, filed a *pro se* complaint against Adonna Seals, Atasa Seals, Valorie Smith, JG Law Firm and the Law Offices of Valorie Smith, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.) The undersigned granted Plaintiff's motion to proceed *in forma pauperis* and recommended to the District Court that the complaint be dismissed without prejudice for want of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3). (D.E. # 4). Plaintiff filed a timely objection to the report and recommendation on February 13, 2014 (D.E. # 5) and on February 20, 2014 filed an amended complaint (D.E. # 6). The amended complaint alleges federal jurisdiction pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq* and adds three causes of action – copyright infringement, unfair competition and unfair business practices and imposition of constructive trust. For the reasons stated below, it is RECOMMENDED[1] that the amended complaint be dismissed.

---

[1] Administrative Order 2013-05 refers all cases filed by *pro se* non-prisoners to the assigned U.S. Magistrate Judge for management of all pretrial matters including proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original).

The amended complaint does not add to the factual allegations contained in the original complaint. Plaintiff's substantive changes are as to the jurisdictional basis and the addition of three new causes of action.

It is recommended that, as to the fourth cause of action, the amended complaint fails to state a claim on which relief may be granted and that claim should be dismissed with prejudice[2]. In his fourth cause of action, Plaintiff alleges that the "Defendants' commercial use, exploitation, attempts to license or sell and dissemination of the mental health records constitutes an

---

[2] The analysis of the claims which remain unchanged from the original complaint to the amended complaint remains the same as expressed in the Report and Recommendation dated January 20, 2014 (D.E. # 4) and are incorporated by reference herein.

infringement of Seals' rights including of the Copyrights and of the copyright laws." (Amended Complaint, D.E. #6, ¶ 72). Plaintiff further alleges that "Defendants have infringed Seals' exclusive Copyrights in and to the Property directly and indirectly by reproduction of the copyrighted work, causing the copyrighted work to be copied and distributed, and by the preparation of derivative works, all without the consent of Seals." (Amended Complaint, D.E. #6, ¶ 73). The Copyright Act provides protection for original works of authorship expressed in various media. 17 U.S.C. § § 101–1332. Subject to certain exceptions not applicable here, the owner of a copyright has the exclusive rights (1) to reproduce the copyrighted work; (2) to prepare derivative works; (3) to distribute copies; (4) to perform publicly a copyrighted work; and (5) to display publicly a copyrighted work. 17 U.S.C. § 106. A claim of copyright infringement has two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tele. Serv. Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Section 411(a) requires that no civil action for infringement of a copyright can be instituted until preregistration or registration of the copyright claim has been made in accordance with that title. 17 U.S.C. § 411(a). Plaintiff does not allege that he has registered or preregistered copyrights to his "mental health records" as required by Section 411(a) therefore it is recommended that the copyright infringement claim be dismissed for failure to state a claim for which relief may be granted. (The failure to register an allegedly-copied work with the Copyright Office before filing suit subjects a plaintiff's infringement action to dismissal. TreadmillDoctor.com, Inc. v. Johnson, No. 08–2877, 2011 WL 1256601, at *4–5 (W.D.Tenn. Mar.31, 2011); *see also* Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs., Inc., No. 09–01098, 2010 WL 3872802, at *4 (M.D.Tenn. Sept. 28, 2010) (concluding that plaintiffs' claims

for copyright infringement were subject to dismissal because the plaintiffs failed to register their songs before filing suit).

The claims raised in the fifth and sixth causes of action do not plead a Federal cause of action. Because it is recommended that Plaintiff's copyright infringement claim be dismissed, Plaintiff's amended complaint suffers from the same lack of subject matter jurisdiction as the original complaint.

Therefore, it is RECOMMENDED that the Court DISMISS the copyright infringement claim WITH PREJUDICE for failure to state a claim and the remaining claims WITHOUT PREJUDICE for want of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3).

Signed this 8th day of April, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**