IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LEWIS JAMES SEALS, JR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14-cv-2058-JPM-cgc |
| | ) |
| ADONNA SEALS et al, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION;
ORDER ADOPTING THE SUPPLEMENTAL REPORT AND RECOMMENDATION;
ORDER OVERRULING PLAINTIFF'S OBJECTIONS; AND
ORDER DISMISSING PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT**

Before the Court is the Report and Recommendation (the "Report and Recommendation") (ECF No. 4) of Magistrate Judge Charmiane G. Claxton, filed on January 30, 2014. The Magistrate Judge recommends that the Court dismiss Plaintiff's Complaint. (Id. at 7.) Plaintiff timely filed an Objection to the Report and Recommendation on February 13, 2014, (ECF No. 5) and filed an Amended Complaint, without leave of Court, on February 20, 2014 (ECF No. 6).

Also before the Court is the Supplemental Report and Recommendation (the "Supplemental Report and Recommendation") (ECF No. 8) of the Magistrate Judge, filed on April 8, 2014. The Magistrate Judge recommends that the Court dismiss Plaintiff's Amended Complaint. (Id. at 1.)

For the following reasons, the Court ADOPTS the Report and Recommendation and the Supplemental Report and Recommendation, and DISMISSES Plaintiff's Amended Complaint.

**I.   BACKGROUND**

On January 24, 2014, Plaintiff Lewis James Seals, Jr. ("Plaintiff") filed a pro se Complaint against Defendants Adonna Seals, et al. ("Defendants") alleging invasion of privacy and conversion. (See ECF No. 1.) Specifically, Plaintiff alleged that Defendants "have colluded in a scheme to fraudulently disseminate and exploit the Plaintiff's mental health records to benefit Atasa Seals['s] divorce proceedings with Plaintiff." (Id. ¶ 13.) On the same day, Plaintiff filed a motion seeking leave to proceed in forma pauperis (ECF No. 2).

On January 27, 2014, the Court Clerk referred the case to Magistrate Judge Claxton. On January 30, 2014, the Magistrate Judge issued an Order granting Plaintiff leave to proceed in forma pauperis (ECF No. 4). At the same time, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed. (Id. at 7.) Plaintiff timely filed his Objection to the Report and Recommendation on February 13, 2014. (ECF No. 5.)

Without leave of Court, Plaintiff amended his Complaint on February 20, 2014, to include additional claims for copyright infringement, unfair competition and unfair business practices, and imposition of a constructive trust. (See ECF No. 6.) On

2

April 8, 2014, the Magistrate Judge filed a Supplemental Report and Recommendation to address Plaintiff's additional claims (ECF No. 8).

**II.    STANDARD OF REVIEW**

   **A.    Report and Recommendation**

   Pursuant to federal statute,

   [a]  judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); accord Fed. R. Civ. P. 72(b)(3).  The portions of the Report and Recommendation to which no objections were timely filed are reviewed for clear error.  See Fed. R. Civ. P. 72 advisory committee notes (1983 Addition), subdivision (b).

Litigants are required to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C).  Slater v. Potter, 28 F. App'x 512, 513 (6th Cir. 2002) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  Id.; accord Thrower v. Montgomery, 50 F. App'x 262, 263 (6th Cir. 2002)

("[N]ot only must objections be timely, they must also be specific; an objection to the report in general is not sufficient and results in waiver of further review."). "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely." McCready v. Kamminga, 113 F. App'x 47, 49 (6th Cir. 2004) (citing Howard v. Sec. of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).

**III. ANALYSIS**

In the Report and Recommendation, the Magistrate Judge recommends that the Court dismiss without prejudice Plaintiff's action "for want of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3)." (ECF No. 4 at 7.) The Magistrate judge also recommends that the Court certify, "pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis." (Id.)

Plaintiff objects to the Report and Recommendation "on the grounds that the Magistrate did not have [Plaintiff's] consent to conduct [a] hearing, and therefore, does not have the authority, under 28 U.S.C. § 636(c)(1) to issue [orders]." (ECF No. 5 at PageID 51.)

In the Supplemental Report and Recommendation, the Magistrate Judge recommends that the Court dismiss with prejudice the copyright infringement claim in Plaintiff's Amended Complaint "for failure to state a claim." (ECF No. 8 at 4.) Moreover, the Magistrate Judge recommends that the Court dismiss without prejudice Plaintiff's derivative claims for unfair competition and unfair business practices as well as imposition of constructive trust. (Id.) Plaintiff did not timely object.

Because Plaintiff did not file specific objections to the Magistrate Judge's factual findings or proposed legal conclusions, the Court reviews the Report and Recommendation for clear error. The Court then addresses Plaintiff's objection on the grounds of the Magistrate Court's lack of authority in this case. Finally, because Plaintiff did not timely object, the Court reviews the Supplemental Report and Recommendation for clear error.

### A. The Court Should Dismiss Plaintiff's Action for Want of Subject Matter Jurisdiction.

In the Report and Recommendation, the Magistrate Judge correctly explained that "[a] private citizen is not liable for an alleged constitutional violation unless: (1) 'the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority,' and (2) 'the

private party charged with the deprivation could be described in all fairness as a state actor.'" (ECF No. 4 at 6 (quoting Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991)).) The Magistrate Judge, therefore, found that Plaintiff's Complaint, which alleges that Defendants, as private citizens, violated his constitutional right to privacy, "does not state a claim which invokes Federal subject matter jurisdiction." (Id.)

Further, the Magistrate Judge correctly found that "[t]he Court also does not appear to have diversity jurisdiction" over Plaintiff's common law claims for invasion of privacy and conversion because "all of the parties named in the complaint are residents of the State of Tennessee." (Id. at 6-7.)

Having reviewed the record, the Court finds that Plaintiff fails to make and support specific objections of "those portions of the report or specified proposed . . . recommendations" with which he disagrees. See 28 U.S.C. § 636(b)(1). Because the "[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report," see McCready, 113 F. App'x at 49, the Court considers this the equivalent of failing to object entirely.

Therefore, on review for clear error of the Magistrate Judge's findings, the Court agrees with the Magistrate Judge and, accordingly, ADOPTS the Report and Recommendation.

### B. The Court Should Certify that Any Appeal by Plaintiff Would Not be Taken in Good Faith, and Plaintiff May Not Proceed on Appeal In Forma Pauperis.

The Magistrate Judge correctly stated that the "United States Court of Appeals for the Sixth Circuit requires that all district courts in the district determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous." (ECF No. 4 at 7; see, e.g., Callihan v. Schneider, 178 F.3d 800, 803 (6th Cir. 1999).) The Magistrate Judge found that "[i]t would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis." (Id. (citing Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)).) The Magistrate Court, therefore, recommends that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certify that any appeal by Plaintiff on the issue of subject-matter jurisdiction "would not be taken in good faith." (Id.)

Having reviewed the record, the Court finds that Plaintiff fails to make and support specific objections of "those portions of the report or specified proposed . . . recommendations" with which he disagrees. See 28 U.S.C. § 636(b)(1). Because the

7

"[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report," see McCready, 113 F. App'x at 49, the Court considers this the equivalent of failing to object entirely.

On review for clear error, the Court agrees with the Magistrate Judge that any appeal of this decision would be frivolous, and, accordingly, ADOPTS the Magistrate Judge's Report and Recommendation.

**C.  Plaintiff's Objection**

Plaintiff objects to the Report and Recommendation "on the grounds that the Magistrate did not have his consent . . . and therefore, does not have the authority, under 28 U.S.C. § 636(c)(1) to issue [orders]."  (ECF No. 5 at PageID 51.)

In the instant case, however, the Magistrate Judge derives her authority not from 28 U.S.C. § 636(c)(1), but from 28 U.S.C. § 636(b)(1), 28 U.S.C. § 1915, and Administrative Order 2013-05. Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for a specifically enumerated list of motions, which does not include a Motion for Leave to Proceed In Forma Pauperis.  Moreover, under 28 U.S.C § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court

proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)."

Under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the Court is required to dismiss any in forma pauperis complaint "if the court determines that . . . the action . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted." Moreover, in accordance with Administrative Order 2013-05, the assigned magistrate judge is responsible for case management and handling of pretrial matters by determination or by report and recommendation, as appropriate. See, e.g., Falkner v. Pilot, No. 13-2456-JDT-cgc, 2013 WL 6036672, at *1 n.1 (W.D. Tenn. Nov. 13, 2013).

The Court, therefore, finds that the Magistrate Judge had the authority both to issue an order on Plaintiff's Motion for Leave to Proceed In Forma Pauperis and to prepare a Report and Recommendation on the issue of the Court's lack of subject-matter jurisdiction over the case. Accordingly, the Court OVERRULES Plaintiff's objection.

**D. The Court Should Dismiss Plaintiff's Copyright Infringement Claim for Failure to State a Claim for Which Relief May Be Granted.**

In the Supplemental Report and Recommendation, the Magistrate Judge found that "Plaintiff does not allege that he has registered or preregistered copyrights to his 'mental health

9

records' as required by [17 U.S.C. § 411(a)]" as a prerequisite to a cause of action for copyright infringement.  (ECF No. 8 at 3.)  The Magistrate Judge, therefore, recommends that the Court dismiss Plaintiff's copyright infringement claim.  (See id. at 3-4.)  The Magistrate Judge recommends, further, that the Court dismiss Plaintiff's derivative claims for unfair competition and constructive trust for want of subject-matter jurisdiction.  (See id. at 4.)

Plaintiff did not timely object to the Supplemental Report and Recommendation, so the Court reviews the Magistrate Court's findings for clear error.  See Fed. R. Civ. P. 72 advisory committee notes (1983 Addition), subdivision (b).

Having reviewed the record, the Court agrees with the Magistrate Judge and, accordingly, ADOPTS the Supplemental Report and Recommendation.

**IV. CONCLUSION**

For the reasons stated above, the Report and Recommendation (ECF No. 4) and the Supplemental Report and Recommendation (ECF No. 8) are ADOPTED in their entirety, and Plaintiff's Objection (ECF No. 5) is OVERRULED.  Accordingly, Plaintiff's claims for invasion of privacy, conversion, unfair competition and unfair business practices, and imposition of constructive trust are DISMISSED WITHOUT PREJUDICE, and Plaintiff's claim for copyright infringement is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**, this 21st day of July, 2014.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE